The STATE of Ohio, Appellant,

v.

CAMPBELL, Appellee.

[Cite as *State v. Campbell* (1990) 68 Ohio App.3d 688.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890454.

Decided July 25, 1990.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *David L. Prem,* for appellant.

*Barry D. Levy,* for appellee.

---

*Per Curiam.*

Pursuant to R.C. 2945.67, the state appeals the trial court's order granting defendant Ronald D. Campbell's motion to suppress. The two issues raised by the state's single assignment of error are whether the citing officer had a requisite reasonable suspicion under *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, 44 O.O.2d 383, to justify an investigative stop of the defendant's motor vehicle, and whether the evidence that formed the basis of his citation for driving under suspension was the fruit of an unconstitutional

detention.[1] On this record, we hold that the trial court correctly granted the defendant's motion to suppress.

The defendant was cited for driving under suspension in violation of R.C. 4507.02(D). At the hearing on the motion to suppress, Deputy Nickoson, who cited the defendant, testified that while at a McDonald's restaurant, "I was informed by [Officer McQuade] working the detail there was a male white subject driving a small black pick-up truck through a drive-in window consuming a bottle of wine." Deputy Nickoson saw the black pickup truck as defendant drove it from the McDonald's lot onto the highway. He pursued and stopped the defendant. Although the record does not reflect whether a bottle of wine was found, the defendant upon inquiry was unable to produce a license. Deputy Nickoson subsequently determined that the defendant's license had been suspended.

 A police officer with reasonable suspicion of criminal activity based upon articulable facts may stop a motor vehicle and briefly detain the occupants for a limited inquiry. See *United States v. Brignoni–Ponce* (1975), 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607. Such an investigatory stop constitutes a Fourth Amendment seizure, and whether the seizure is reasonable depends upon a balancing of the individual's privacy interest against legitimate state interests. *Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660. Although the vital state interest of assuring that operators of motor vehicles are licensed generally requires the public's privacy interest to yield to minimal intrusions, the Fourth Amendment does not countenance random vehicle inspections on the whim of police officers, in contrast to established, systematic checkpoints for sobriety testing. See *Michigan Dept. of State Police v. Sitz* (1990), 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412. Even in light of the *Sitz* case, "[d]etention of particular motorists for more extensive field sobriety testing may require satisfaction of an individualized suspicion standard". *Id.* at ——, 110 S.Ct. at 2485, 110 L.Ed.2d at 420.

 We cannot determine from this record whether the information received by Deputy Nickoson was the result of Officer McQuade's own observations or a tip reported to Officer McQuade by some other person. Had Officer

---

1. The general rule, emanating from R.C. 2935.03, that a police officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence, and the exception to that rule where there exists probable cause to believe the operator of a motor vehicle is under the influence of alcohol or drugs, see *State v. Henderson* (1990), 51 Ohio St.3d 54, 56, 554 N.E.2d 104, 106, were not raised below or argued before this court, and we do not address these issues because of our disposition on the constitutional grounds argued.

McQuade personally observed the defendant consuming the wine, the information, when communicated to Deputy Nickoson, would carry sufficient indicia of reliability to justify an investigative stop by Deputy Nickoson under the totality of the circumstances, as part of a common investigation. *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527; *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489; *State v. Henderson* (1990), 51 Ohio St.3d 54, 554 N.E.2d 104. Because the record is silent, however, the most we can conclude is that the information obtained by Officer McQuade came from an anonymous tip.

■ As the Supreme Court recently held in *Alabama v. White* (1990), 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301, an anonymous tip, if sufficiently corroborated by police officers, can furnish reasonable suspicion that the suspect is engaged in criminal activity sufficient under the Fourth Amendment to justify an investigative stop. In the case *sub judice,* the record fails to suggest that Deputy Nickoson, the state's only witness testifying in opposition to defendant's motion to suppress, was able to articulate something more than an "inchoate and unparticularized suspicion or 'hunch.'" *Terry, supra,* 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909, 44 O.O.2d at 396. Not only does the record fail to show how Officer McQuade obtained the information, but it also does not state whether Deputy Nickoson had a physical description of the pickup truck driver, observed him with the bottle of wine, subsequently recovered a bottle of wine from the pickup truck, or observed the defendant commit any traffic offense before he detained the defendant.

■ After the defendant claimed that he was detained without a warrant and that Deputy Nickoson lacked reasonable and articulable grounds to believe that he was engaged in criminal conduct, the burden of persuasion shifted to the state to establish a factual basis for the trial court to determine the source's "veracity, reliability" and the "basis of knowledge." *Illinois v. Gates, supra,* 462 U.S. at 230, 103 S.Ct. at 2328, 76 L.Ed.2d at 543. Because the state failed to establish that the information was the product of either the direct observations of Officer McQuade or a sufficiently corroborated tip, we cannot conclude that the deputy had reasonable suspicion to support a constitutionally valid investigatory stop.

We affirm the judgment of the Hamilton County Municipal Court.

*Judgment affirmed.*

Utz, P.J., and Doan and Gorman, JJ., concur.