**The STATE of Ohio, Appellee,**

**v.**

**HALAHAN, Appellant.**

[Cite as *State v. Halahan* (1995), 108 Ohio App.3d 33.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 95–P–0002.

Decided Dec. 26, 1995.

34

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, for appellee.

*Paul F. Adamson,* for appellant.

---

NADER, Judge.

This is an appeal from a criminal conviction entered in the Portage County Municipal Court, Ravenna Division.

On September 12, 1994, a criminal complaint was filed against appellant, George M. Halahan, alleging possession of drug paraphernalia. On October 14, 1994, appellant filed a motion to suppress evidence seized at the time of arrest. A hearing on the motion was held on October 31, 1994. At the hearing, Officer William Shingler testified that on September 7, 1994, he was on duty with the Garrettsville Police Department when he received a dispatch from his police radio regarding a carload of drunken males at the local McDonald's restaurant. Officer Shingler was given a description of the car and its license plate number.

Upon entering the McDonald's parking lot, Officer Shingler testified that he recognized a car fitting the description given, with the same license plate number. He approached the vehicle and asked the driver for identification. As appellant produced the requested identification, Officer Shingler noticed a "slight odor" of alcohol from within the vehicle. At that point, Officer Shingler asked the driver to exit the car to determine the source of the alcohol smell.

Officer James C. Johnson, an off-duty patrolman, was present at McDonald's and offered to assist Officer Shingler. Officer Johnson utilized his flashlight to view the interior of the car, in which the three passengers remained seated. At that time, Officer Johnson saw a marijuana pipe in the front driver's side door handle. Appellant was asked about the pipe and was arrested upon admitting that it belonged to him.

On November 4, 1994, the trial court entered an order overruling appellant's motion to suppress. Appellant entered a plea of no contest to the charge on December 15, 1994 and the trial court entered an order, on the same date, finding appellant guilty. Appellant timely appealed, asserting the following as error:

"The trial court erred to the prejudice of defendant-appellant in overruling his motion to suppress."

In appellant's assignment of error, it is argued that the trial court erred in overruling appellant's motion to suppress because Officer Shingler lacked reasonable suspicion to perform an investigative stop. We agree.

 Officer Shingler approached appellant's car in reliance upon information he had received from a police dispatch. This information had been obtained from a worker at the drive-through window at McDonald's who had called to report a drunk driver. The caller gave both a description of the vehicle and its license plate number, in addition to its location. As stated in *Terry v. Ohio* (1968), 392 U.S. 1, 22, 88 S.Ct. 1868, 1880–1881, 20 L.Ed.2d 889, 906:

"[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." See, also, *State v. Williams* (1990), 51 Ohio St.3d 58, 60, 554 N.E.2d 108, 110.

To warrant an investigatory stop:

"[T]he police officer involved 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *Id.*, 51 Ohio St.3d at 60, 554 N.E.2d at 111, quoting *Terry, supra*, 392 U.S. at 21, 88 S.Ct. at 1879–1880, 20 L.Ed.2d at 905–906.

Furthermore, "'[a]n investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.' *United States v. Cortez* (1981), 449 U.S. 411, 417 [101 S.Ct. 690, 694–695, 66 L.Ed.2d 621, 628–629]." 51 Ohio St.3d at 61, 554 N.E.2d at 111.

Upon review, it must be determined whether there was an "objective and particularized suspicion that criminal activity was afoot" which was based upon the totality of the circumstances. *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271, 1273.

In the instant case, Officer Shingler's information consisted of a report of possible drunk driving from an unidentified McDonald's employee. The record does not reveal the basis of the caller's suspicion. The caller merely stated the suspicion and gave a description and location of the vehicle.

██ In *State v. Ramsey* (Sept. 20, 1990), Franklin App. Nos. 89AP–1298 and 89AP–1299, unreported at 2, 1990 WL 135867, the court stated:

"[I]nformant's tips, while they very [*sic*] greatly in their value and reliability, may in certain cases produce reasonable suspicion."

When dealing with informant's tips, "'* * * [o]ne simple rule will not cover every situation.' * * * Each case must be decided on its own unique circumstances and any attendant indicia of reliability." *Id.*, quoting *Adams v. Williams* (1972), 407 U.S. 143, 147, 92 S.Ct. 1921, 1923–1924, 32 L.Ed.2d 612, 617–618.

Among the attendant circumstances, courts have traditionally looked predominantly at two factors in evaluating a tipster's information: veracity and basis of

knowledge. See *Ramsey, supra,* citing *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527.

Anonymous tips, therefore, may provide the reasonable suspicion necessary to make an investigatory stop if sufficiently verified by police officers. *State v. Campbell* (1990), 68 Ohio App.3d 688, 589 N.E.2d 452.

Because the tipster in the instant case was identified only as a McDonald's employee, and no attempt was made to ascertain the caller's identity, this case is analogous to cases involving anonymous tips. As a result, we must determine if the tip was sufficiently verified by independent police investigation. In *Ramsey, supra,* at 4, the court held:

"It is therefore clear that the simple corroboration of neutral details describing the suspect or other conditions existing at the time of the tip, without more, will not produce reasonable suspicion for an investigatory stop."

When Officer Shingler located appellant's car, it was parked near the drive-through window, waiting for its order. Officer Shingler did not observe the vehicle in motion, and so could report no erratic driving. Nor did Officer Shingler observe appellant engaging in any activities which would indicate drunkenness prior to approaching the vehicle. The only information Officer Shingler relied upon was that the car matched the description given by the anonymous tipster.

We hold that Officer Shingler lacked reasonable suspicion to make an investigatory stop of appellant because Officer Shingler could not state specific and articulable facts which reasonably warranted the intrusion. As a result, the trial court erred in denying appellant's motion to suppress.

Appellant's assignment of error is well taken.

In accordance with the foregoing, the judgment of the trial court is hereby reversed and judgment is hereby entered for appellant.

*Judgment accordingly.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.