OPINION
On May 27, 2000, a Mentor Police Department dispatcher received a phone tip from an anonymous informant. This informant told the dispatcher that a woman named Donielle Goodmote ("appellant") was operating a green Mercury Tracer while under suspension. The informant further informed the dispatcher that appellant was at the Foodliner grocery store in Mentor, and would soon be leaving. The dispatcher radioed a Mentor police officer, Scott Tkach, with the information.
When Officer Tkach arrived at the Foodliner, he found a green 1996 Mercury Tracer parked in the lot, unattended. A check of the car's license plate revealed that it was registered to a John Miller. Officer Tkach waited in a church parking lot, across the street from the Foodliner, until he saw a woman fitting the description he was given return to the car and drive away from the store. Officer Tkach then executed a traffic stop on the car.
As a result of the traffic stop, appellant was arrested and charged with driving under suspension, falsification, and a seatbelt violation. On July 13, 2000, appellant filed a motion to suppress the evidence resulting from the traffic stop, alleging that Officer Tkach had no reasonable suspicion or specific and articulable facts upon which to base a stop of appellant and her vehicle.
At the July 17, 2000 motion hearing, only Officer Tkach testified. He stated that, after he observed appellant enter the car, he asked dispatch to run a LEADS report. Upon receiving confirmation from dispatch that appellant's license was suspended, he executed the traffic stop. During appellant's cross-examination of Officer Tkach, the officer admitted that the ticket he issued her gave the time of the violation as 8:10 PM. He also admitted that the time he received confirmation from dispatch that appellant's license was under suspension was 8:11 PM.[1]
On July 17, 2000, the trial judge overruled appellant's motion to suppress the evidence. On July 20, 2000, appellant pleaded no contest to the charges and was sentenced to six days in the Lake County Jail, probation for one year, fined $1,000, and given a three-year license suspension.
Appellant filed a timely notice of appeal and raises a single assignment of error:
 "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied her motion to suppress."
 "At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. * * * On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. * * * After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met." Ohio v. Hrubik (June 30, 2000), Ashtabula App. No. 99-A-0024, 2000 Ohio App. LEXIS 2000, unreported at *4-5.
The trial court, weighing both the testimony of Officer Tkach and the documents presented to the court, determined that Officer Tkach had received confirmation of appellant's license suspension before he executed the traffic stop. There is, in the record, competent and credible evidence to support this finding. Thus, we are required to accept the trial court's finding of these facts as true.
Under the applicable standard for determining whether Officer Tkach's stop was constitutional, we must determine whether the officer had a reasonable suspicion, based on specific and articulable facts, that criminal behavior has or is about to occur. Terry v. Ohio (1968),392 U.S. 1, 21. The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances as "viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold."State v. Andrews (1991), 57 Ohio St.3d 86, 87-88; State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.
In State v. Gaston (1996), 110 Ohio App.3d 835, this court stated the requirements for an investigative stop based on a tip from an anonymous informant:
 "The Supreme Court of the United States in Illinois v. Gates (1983), 462 U.S. 213, adopted a totality of the circumstances approach when determining whether an informant's tip is sufficient to support an arrest or an investigative stop. * * *
 "[I]n cases involving anonymous informants, a tip is sufficient where certain important or key elements of the tip are corroborated by police observation or investigation. See Alabama v. White (1990), 496 U.S. 325* * *." (Parallel citations omitted.) Gaston at 839, 675 N.E.2d 526.
 "[S]imple corroboration of neutral details describing the suspect or other conditions existing at the time of the tip, without more, will not produce reasonable suspicion for an investigatory stop." State v. Ramsey
(Sept. 20, 1990), Franklin App. Nos. 89AP1298, 89AP-1299, 1990 WL 135867, unreported, at 4, 1990 WL 135867; State v. Halahan (1995), 108 Ohio App.3d 33, 37, 669 N.E.2d 883.
In the case sub judice, in response to the information he received from the dispatcher, Officer Tkach observed the described vehicle parked in the place that the informant said it was located. He was given the name of the person who would be driving the vehicle and was given her description. Officer Tkach observed a woman fitting the description of Ms. Goodmote leaving the store, entering the described car, and driving away. Officer Tkach testified that he then verified, at 8:11 p.m., that Ms. Goodmote's license was under suspension before he executed the stop. Officer Tkach also explained that the time of 8:10 p.m., written on the ticket, was the time of the violation, and that the ticket was actually written after appellant was arrested and taken to the police station.
These facts, viewed in the totality of the circumstances, provide sufficient indicia of reliability for the informant's tip to validate Officer Tkach's investigative stop of appellant. Appellant's assignment of error is without merit.
For the foregoing reasons, we affirm the decision of the Mentor Municipal Court.
 ____________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., GRENDELL, J., concur.
[1] Defendant's Exhibit A [Request for Suspension Verification] was not included in the record. It was, however, discussed in Officer Tkach's testimony, at the hearing on the motion to suppress.