OPINION
{¶ 1} Appellant Andrew Scott Robinson appeals the decision of the Canton Municipal Court that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On March 22, 2003, Jeffrey Yarian, an enforcement agent with the Ohio Department of Public Safety, was working undercover, at Rumours Café, investigating complaints that persons were being served alcohol beyond the point of intoxication. Yarian and his co-worker observed appellant, at the bar, and subsequently saw him leave the bar and enter his vehicle. Once appellant entered his vehicle, the agents called the Stark County Sheriff's Department.
 {¶ 3} When appellant began to move his vehicle, the agents surrounded appellant's vehicle with their own vehicles, and activated their lights and sirens. The agents approached appellant's vehicle displaying their badges. Upon arriving at the scene, Deputy Lowe of the Sheriff's Department administered various field sobriety tests. Appellant could not perform the field sobriety tests and refused a breathalyzer test. On the HGN test appellant displayed six clues indicating intoxication. Deputy Lowe also observed a strong odor of alcohol about appellant's person.
 {¶ 4} Deputy Lowe charged appellant with one count of driving under the influence of alcohol. On May 1, 2003, appellant filed a motion to suppress. Appellant made several arguments in support of his motion, including the argument that the enforcement agents did not have the authority to stop him. The trial court overruled appellant's motion on May 15, 2003.
 {¶ 5} Subsequently, appellant entered a plea of no contest. The trial court found appellant guilty and sentenced him to a mandatory term of three days at the Drivers Intervention Program with the remainder of the time suspended.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."
 I {¶ 8} In his sole assignment of error, appellant claims the trial court erred when it denied his motion to suppress because the agents did not have the authority to stop him. We disagree.
 {¶ 9} There are three methods that may be used, on appeal, to challenge a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidenc. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 10} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37.
 {¶ 11} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger, supra.
 {¶ 12} In the case sub judice, appellant contends the trial court incorrectly decided the issue of whether the enforcement agents had the authority to stop him. Accordingly, under this argument, we must independently determine, without deference to the trial court, whether the facts meet the appropriate legal standard. In his motion to suppress, appellant relies upon the case of State v. Droste, 83 Ohio St.3d 36, 1998-Ohio-182.
 {¶ 13} In Droste, liquor control investigators, Michael Betts and Philip Williams, of the Ohio Department of Liquor Control, observed defendant's vehicle traveling at a high rate of speed. Id. at 36. The investigators reported their observations to the Law Enforcement Emergency Radio Network. Id. After making the report, defendant exited the state route he had been traveling and stopped at a traffic light. Id. Just as defendant stopped at the light, the investigators received a communication, over the radio, to stop defendant. Id. The investigators were also informed that a marked cruiser was on its way to the scene. Id.
 {¶ 14} Upon approaching the defendant's vehicle, Investigator Betts noticed an odor of alcohol about the defendant and asked him to exit the vehicle. Id. at 37. The defendant needed to use the vehicle for support as he exited. Id. Investigator Betts read the defendant his Miranda rights and asked him how much he had to drink. Id. The defendant admitted to drinking a couple glasses of gin. Id. Investigator Betts determined the defendant was underage and arrested him for underage drinking. Id.
 {¶ 15} Meanwhile, Officer Lagore of the Columbus Police Department arrived on the scene. Id. In the presence of Officer Lagore, Investigator Williams performed field sobriety tests on the defendant. Id. The defendant performed poorly on the tests and Officer Lagore arrested the defendant for operating a motor vehicle while under the influence of alcohol. Id.
 {¶ 16} The defendant subsequently filed a motion to suppress and dismiss the charges. Id. The trial court denied both motions. Id. The defendant entered a plea of no contest. Id. Thereafter, the defendant appealed the trial court's decision arguing the liquor control investigators did not have jurisdiction to stop his vehicle and therefore, all evidence obtained after the traffic stop had to be suppressed. Id. The court of appeals agreed and reversed the conviction. Id.
 {¶ 17} On appeal to the Ohio Supreme Court, the Court identified two issues for its determination. First, whether the liquor control agents have the authority to stop an individual for violating traffic laws and second, if liquor control investigators did not have the authority to make a traffic stop, whether all the evidence deriving from the stop must be suppressed. Id. at 38.
 {¶ 18} As to the first issue, the Court concluded the authority granted to liquor control investigators, in R.C.5502.61,[1] to investigate and enforce offenses under R.C. Title 43 and certain offenses under R.C. Title 29 and Title 45 does not confer authority to stop a driver for violating traffic laws if the investigator was not in the process of investigating one of the offenses listed in R.C. 5502.61. Id. at 39.
 {¶ 19} The Court also noted the General Assembly provided a limited circumstance when liquor control investigators may involve themselves in the enforcement of other, non-listed offenses. Id. This exception occurs when the investigators are rendering assistance to state or local law enforcement officer or in an emergency. Id. However, the Court concluded there was not evidence that a request for assistance came from state or local law enforcement. Id. Thus, the Court concluded the liquor control investigators violated the statute granting them authority to stop and arrest the defendant. Id. at 40.
 {¶ 20} The Court proceeded to address the second issue of whether the information the liquor control investigators provided Officer Lagore must be suppressed. The Court concluded the information did not have to be suppressed because the violation of a statute, R.C. 5502.61(D), does not invoke the exclusionary rule. Id. The Court determined the defendant stopped on his own accord, at the traffic light, upon exiting the state route. Id. Thus, no constitutional violation occurred requiring suppression of the evidence. Id.
 {¶ 21} On appeal, appellant distinguishes the Droste
decision on the basis that appellant did not stop his vehicle on his own accord. Instead, appellant stopped only after the enforcement agents activated their lights and sirens. Thus, appellant concludes his constitutional rights were infringed by the stop. Appellant also argues the enforcement officers did not stop his vehicle pursuant to a request for assistance from state or local authorities. Thus, appellant maintains, unlike in theDroste decision, a constitutional violation occurred and therefore, the trial court should have granted his motion to suppress.
 {¶ 22} We find the Droste decision distinguishable from the case sub judice. In Droste, the investigators were not in the process of investigating a Title 43 offense when they observed the defendant speeding. However, in the matter currently before the court, the enforcement agents were in the process of investigating alleged Title 43 offenses. Further, unlike inDroste, the enforcement agents did not stop appellant's vehicle on a public highway, did not arrest appellant and did not perform field sobriety tests on appellant. Instead, the stop of appellant's vehicle, which occurred in the parking lot, was the result of the enforcement officers continuing investigation of alleged Title 43 violations.
 {¶ 23} Further, R.C. 5502.14(B)(1) specifically vests, in an enforcement agent, the authority granted peace officers under R.C. 2935.03. R.C. 2935.01(A)(1) permits a peace officer to arrest and detain, until a warrant can be obtained, any person found violating a law of this state, an ordinance of a municipal corporation or a resolution of a township.
 {¶ 24} At the suppression hearing, Agent Yarian testified that he observed appellant for approximately thirty-five minutes to an hour before appellant left the bar. Hrng. Motion to Suppress, May 14, 2003, at 6-7. While seated at the bar, appellant had a bottle of beer in front of him and as he stood up, he swayed and stumbled while walking to another area of the bar. Id. at 6. Agent Yarian also observed that appellant's speech was slurred. Id. at 7. As appellant left the bar, Agent Yarian noticed appellant swayed as he walked to his car and had trouble unlocking his car. Id.
 {¶ 25} Pursuant to these observations, Agent Yarian had a reasonable and articulable suspicion to stop appellant, in the parking lot, based upon his belief that appellant was violating the law by driving under the influence of alcohol.
 {¶ 26} Accordingly, we conclude the trial court properly denied appellant's motion to suppress because the enforcement agents had the authority to stop appellant.
 {¶ 27} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
Farmer, P.J., and Edwards, J., concur.
[1] The General Assembly repealed R.C. 5502.61, in 1999, and the position of enforcement officer is now addressed in R.C.5502.14. The pertinent part of this statute provides as follows:
"(B)(1) * * * An enforcement agent has the authority vested in peace officers pursuant to section 2935.03 of the Revised Code to keep the peace, to enforce all applicable laws and rules on any retail liquor permit premises, or on any other premises of public or private property, where a violation of Title XLIII [43] of the Revised Code or any rule adopted under it is occurring, * * *."
"* * *"
"(3) Enforcement agents who are on, immediately adjacent to, or across from retail liquor permit premises and who are performing investigative duties relating to that premises, enforcement agents who are on premises that are not liquor permit premises but on which a violation of Title XLIII [43] of the Revised Code or any rule adopted under it allegedly is occurring, and enforcement agents who view a suspected violation of Title XLIII [43] of the Revised Code, of a rule adopted under it, or of another law or rule described in division (B)(1) of this section have the authority to enforce the laws and rules described in division (B)(1) of this section, authority to enforce any section in Title XXIX [29] of the Revised Code or any other section of the Revised Code listed in section 5502.13 of the Revised Code if they witness a violation of the section under any of the circumstances described in this division, and authority to make arrests for violations of the laws and rules described in division (B)(1) of this section and violations of any of those sections."